# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**RAYMOND LINDSEY**
**Reg. #48345-044**                                                                    **PLAINITFF**

**V.**                        **NO. 2:22-cv-00244-BSM-ERE**

**JOHN P. YATES and DOES**                                                     **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within 14 days. If you do not object, you risk waiving the right to appeal questions of fact. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

Plaintiff Raymond Lindsey, a federal inmate incarcerated at Forrest City Low – Federal Correctional Institution, filed this federal civil rights lawsuit *pro se*

pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]

The Court has reviewed Mr. Lindsey's complaint as required by the Prison Litigation Reform Act (PLRA).[2] 28 U.S.C. § 1915A(a). For the reasons stated below, the Court recommends that Mr. Lindsey's complaint be dismissed, without prejudice, based on his failure to state a plausible constitutional claim for relief.

### III. Discussion:

#### A. Standard

To survive screening under the PLRA, Mr. Lindsey's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and

---

[1] In *Bivens*, the Court recognized an implied right of action for monetary damages against federal government officials sued in their individual capacities for constitutional violations. "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). However, as discussed *infra* pp. 4-7, *Bivens* does not extend to all constitutional claims recognized under 42 U.S.C. § 1983.

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

"naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief; instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

### B. Analysis

Mr. Lindsey alleges that, on September 19, 2021, all inmates in his housing unit were removed to the recreation yard while officers searched the unit. Upon returning to his cell, Mr. Lindsey found it in disarray. He also complains that officers confiscated his personal property during the search. He alleges his Fourth and Fifth Amendment rights were violated.[3] He sues John P. Yates, the Warden of Forrest City Low, and unidentified members of the special operations response team in both their official and individual capacities. He seeks injunctive relief and compensatory damages.

#### 1. Fourth Amendment Claim for Unreasonable Search

As a threshold matter, "a prisoner has no reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against

---

[3] Mr. Lindsey also complains that unidentified officers smeared mayonnaise on his cell to harass him for his sexual orientation. Harassing conduct of this nature, while unseemly, falls short of stating a constitutional claim for relief. See *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of harassment and of verbal harassment were not actionable under § 1983).

3

unreasonable searches." *Hudson v. Palmer*, 468 U.S. 517, 517 (1984).

Mr. Lindsey's Fourth Amendment claim fails as a matter of law. The Court will continue the analysis however, solely as to Mr. Lindsey's due process claim for loss of personal property under the Fifth Amendment.

### 2. Fifth Amendment Due Process Claim

#### a. Official Capacity Claim

A claim against an official of the United States is equivalent to a claim against the United States, and sovereign immunity bars *Bivens* claims against the United States. *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) ("[A] *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity."). A "prisoner may not bring a *Bivens* claim against the . . . BOP." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). Accordingly, Mr. Lindsey's Fifth Amendment official capacity claim fails to state a claim on which relief may be granted and should be dismissed.

#### b. Individual Capacity Claim

The Supreme Court has recognized an implied cause of action under *Bivens* on only three occasions. *Farah v. Weyker*, 926 F.3d 492, 497-98 (8th Cir. 2019). Those three occasions include: (1) the ground-breaking *Bivens* case itself, which involved an allegedly unlawful arrest and warrantless search in violation of the Fourth Amendment; (2) *Carlson v. Green*, 446 U.S. 14 (1980), which involved a

failure to treat a prisoner's asthma in violation of the Eighth Amendment; and (3) *Davis v. Passman*, 442 U.S. 228 (1979), which involved gender discrimination in violation of due process rights under the Fifth Amendment.

In contrast to these three cases, "for almost 40 years, [the Supreme Court has] . . . rebuffed requests to add to the claims allowed under *Bivens*." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020). Extending *Bivens* to new contexts is a "'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (omitting citation).

The Court must apply a two-step analysis to determine whether Mr. Lindsey may pursue a *Bivens* claim for the loss of his property. *Farah v. Weyker*, 926 F.3d 492, 498 (8th Cir. 2019). First, the Court must determine whether his claim is "the type for which a *Bivens* remedy is [presently] available." *Id*., 926 F.3d at 497. Mr. Lindsey's deprivation of personal property claim does not present one of the three claims recognized under *Bivens*. Although rooted in the Fifth Amendment, Mr. Lindsey's due process claim differs significantly from the gender discrimination claim recognized in *Passman*. Thus, because Mr. Lindsey seeks to expand *Bivens* to provide prisoners a remedy for their alleged unconstitutional deprivation of personal property, the Court must proceed to step two.

This part of the analysis assesses whether "special factors counsel[] hesitation" in extending *Bivens* to the proposed claim. *Farah*, 926 F.3d at 498 (omitting internal quotations). The Supreme Court recently explained that, in

practice, the two-step "inquiry often resolves to a single question: whether there is any reason to think that Congress might be better equipped to create a damage remedy." *Egbert v. Boule*, 142 S. Ct. 1793, 1798 (June 8, 2022) (declining to imply a right of action under Bivens for a prisoner's First Amendment retaliation claim).

"[A] court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure. If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Egbert*, 142 S. Ct. at 1804 (internal citations and quotations omitted).

Mr. Lindsay has an alternative remedy. First, he may use the BOP's grievance process, a four-tiered administrative procedure. See 28 C.F.R. § 542.10, *et seq*. Second, Arkansas provides a post-deprivation remedy by allowing Mr. Lindsey to file a conversion action in state court. See *Bausley v. Dugan*, 110 F. App'x 736, *1 (8th Cir. 2004).[4] Given the other remedies available to Mr. Lindsey, *Bivens* should not be extended under the circumstances presented in this case. See also *Berry v. Bureau of Prisons*, 2021 WL 4166181, at *3 (M.D. Fla. July 27, 2021) (no valid

---

[4] In *Bausley*, the Eighth Circuit held that a prisoner could not bring bring a § 1983 claim against county jail employees for seizure of personal property because he could bring a conversion action against them in state court. *Bausley*, 110 F. App'x 736, *1 (citing *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). Thus, even if Mr. Lindsey had a *Bivens* remedy his claim would still be subject to dismissal.

*Bivens* claims for violation of plaintiff's Fifth Amendment rights related to his deprivation of personal property).

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Lindsey's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

3. The Clerk be instructed to close this case.

Dated this 19th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE